IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 10-cr-00326-PAB-17

UNITED STATES OF AMERICA,

Plaintiff,

v.

17. TERRY MARGHEIM,

Defendant.

---

## ORDER

---

This order addresses Terry Margheim's June 25, 2012, filing, which was styled as a letter to the Court and which indicated that Margheim has lingering doubts about the joinder of his codefendants and whether his speedy trial rights have been violated. *See* Doc. 2255. The letter did not affirmatively assert error and move for relief, as in a traditional motion. However, the letter did seek explanation regarding two matters, and further asked the Court to grant an evidentiary hearing if the Court deemed one appropriate, thus perhaps implicitly asserting error.

Margheim first asks why his speedy trial rights (not specifying whether he means statutory or constitutional rights) were not violated "[i]f . . . Carlos Morales-Gonzales and Skyler Valencia[] were the only codefendants that were lawfully joined with [him] in the indictment . . . ." *Id.* For one, Margheim's premise is incorrect: Morales-Gonzales and Valencia were not Margheim's only lawfully joined codefendants, and the Court has never ruled that his joinder with all other codefendants was improper. Rather, from the face of the charges in the governing indictment, Margheim appears to have been

properly joined with his other codefendants. *See* Fed. R. Crim. P. 8(b) (joinder of defendants is appropriate "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses"); *see also United States v. Caldwell*, 560 F.3d 1202, 1212 (10th Cir. 2009) ("We construe Rule 8 broadly . . . ."). Additionally, Margheim never timely moved to sever. (Margheim does not claim that he did so, and the Court's independent review of the record reveals no such motion.) By failing timely to object, Margheim waived his right to challenge his joinder with his other codefendants. *See* Fed. R. Crim. P. 12(b)(3)(D) (Rule 14 motions "to sever charges or defendants" "must be raised before trial"); *id.* 12(e) ("A party waives any Rule 12(b)(3) defense, objection or request not raised by the [pretrial motions] deadline . . . . For good cause, the court may grant relief from the waiver.").[1]

Then, with respect to speedy trial compliance—statutory as well as constitutional—the Court refers Margheim back to the Court's prior orders explaining why no violation occurred in this case. *See* Doc. 2128 ("Order", filed 4/5/12, addressing joinder and statutory speedy trial arguments raised in Margheim's "Motion to Dismiss – Speedy Trial" (Doc. 2117), filed 3/30/12, submitted through counsel); Doc. 2179, pp. 2-12 ("Order Excluding Time Under the Speedy Trial Act, and Denying Margheim's Motion to Dismiss", filed 4/19/12, addressing statutory and constitutional speedy trial arguments raised in Margheim's "Motion to Dismiss – Speedy Trial, Due Process, 5th, 6th and 14th

---

[1] The "good cause" exception of Fed. R. Crim. P. 12(e) does not apply to Margheim. Margheim has never filed a Rule 14 motion for severance, so there has never been occasion to consider the questions of severance and timeliness. Further, even if Margheim's present letter were construed to be such a motion, Margheim has not shown good cause as to why the Court should grant relief from his waiver, and no such good cause is apparent to the Court.

Amend. of the United States Constitution" (Doc. 2164), filed 4/13/12, submitted pro se). Those orders should be read in conjunction with the respective motions that they addressed.

Second, Margheim asks, "[i]f [he] [is] not lawfully joined with all the rest of the defendants[,] are they codefendants by law?" Doc. 2255. The Court is not sure of the distinction Margheim means to make between "lawfully joined" codefendants, and "codefendants by law." In any event, as discussed above, Margheim never moved to sever and therefore failed to preserve an objection to joinder with his codefendants.

To the extent Margheim still has further questions specifically about joinder and speedy trial issues in this case, or generally about governing legal principles, the Defendant may consult with his able attorney. Insofar as Margheim's letter asserts error and does not merely seek explanation—and assuming *arguendo* that Margheim has properly preserved and properly identified his objections in his letter—the Court determines that no improper joinder occurred and that no speedy trial violations occurred, for substantially the same reasons previously discussed by the Court. Therefore, Margheim's conditional motion for a hearing on these matters is DENIED, and any request for any additional relief is DENIED.

Dated this 5th day of July, 2012.

BY THE COURT:

*s/ David M. Ebel*

__________________________________

UNITED STATES CIRCUIT JUDGE